# Commonwealth *v.* Fay, Appellant.

*Criminal law—False pretense—Evidence.*

A conviction for the crime of false pretense will be sustained, where it appears that the defendant represented that he was the sole owner and proprietor of a certain business, when in truth he was not the sole owner, but had already sold an interest to another person and taken him in as a partner, and there was sufficient evidence to support the allegation that the false statement was made for the purpose of inducing the prosecutor to purchase an interest in the business.

Argued March 11, 1920. Appeal, No. 31, Oct. T., 1920, from judgment of Q. S. of Phila. County, Sept. Sessions, 1919, No. 194, on verdict of guilty in the case of Commonwealth of Pennsylvania v. John C. Fay. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Indictment for false pretense. Before JOHNSON, P. J., 17th Judicial District, specially presiding.

The facts are stated in the following opinion of the court below refusing motion for a new trial:

The defendant, John C. Fay, was indicted on the charge of false pretense for unlawfully and wilfully devising and intending to cheat and defraud one Joseph H. Reiland of certain of his goods, moneys, et cetera, by unlawfully and falsely pretending to Joseph H. Reiland that he, the said John C. Fay, was the sole owner and proprietor of a certain business of manufacturing and selling fire extinguishers, conducted under the name of the Metropolitan Manufacturing Company in the City of Philadelphia; whereas in truth and in fact, the said John C. Fay was not the sole owner of the business of manufacturing and selling fire extinguishers. The defendant was found guilty by the jury. He is now asking for a new trial and arrest of judgment. At the time the

104    COMMONWEALTH *v.* FAY, Appellant.

Opinion of Court below—Opinion of the Court. [74 Pa. Superior Ct.

defendant sold an interest in his company to Joseph H. Reiland he had already sold an interest in the same company to one Robinson, and had taken him in as a partner, yet the defendant represented to Reiland that he, Fay, was the sole owner of the business. There was sufficient evidence from which the jury could find that the statement made to Reiland was false, and that it was wilfully and fraudulently made for the purpose of inducing Reiland to purchase an interest in the defendant's business and part with his money, and that the statement actually did induce Reiland to part with his money to his injury. We are convinced that the verdict of the jury was correct, that justice was done and that therefore the motion for a new trial and the motion for arrest of judgment should be overruled. And now December 18, 1919, the motion for a new trial is refused and the motion for arrest of judgment is overruled.

*Errors assigned* were the charge of the court and refusal of defendant's motion in arrest of judgment.

*Charles L. Smyth,* for appellant.

*Charles Edwin Fox,* Assistant District Attorney, and with him *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY HEAD, J., April 24, 1920:
The bill of indictment sufficiently charged the statutory offense set forth in the information upon which the warrant to arrest issued. The evidence produced by the Commonwealth fully supported the charge that the defendant had knowingly and wilfully made false statements with reference to his ownership of the property he undertook to sell. It made plain too the fact that these false statements induced the defendant to part with his money. The inference that the statements were made with intent to cheat and defraud so plainly and al-

most irresistibly flowed from that evidence that the jury could not easily have reached any other decision than the one declared in their verdict.

We are of opinion the case was properly tried and that the record of the trial and conviction exhibits no reversible error. The assignments of error are overruled.

The judgment is affirmed and the record remitted and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.